Belknap
No. 96-305

### DIANNE K. (MARCOUX) LINTEAU

v.

### ROBERT W. GAUTHIER

December 9, 1997

*Law Offices of David J. KillKelley*, of Laconia (*David J. KillKelley* on the brief and orally), for the plaintiff.

*McDonough & Lindh, P.A.*, of Manchester (*James G. Walker* on the brief and orally), for the defendant.

### MEMORANDUM OPINION

BROCK, C.J. The plaintiff, Dianne K. (Marcoux) Linteau, appeals the decision of the Superior Court (*O'Neill*, J.) that interest on her verdict in a personal injury action against the defendant, Robert W. Gauthier, should be based on the rate in effect at the time of the verdict. We reverse and remand.

By writ of summons dated May 9, 1994, the plaintiff sued the defendant for injuries she suffered in an automobile accident. At that time, RSA 336:1 set the rate of interest on judgments at ten percent. *See* RSA 336:1 (1995) (amended 1996). The legislature subsequently amended RSA 336:1 to provide for a floating interest rate computed annually based on the "rate of interest on 52-week United States Treasury bills . . . plus 2 percentage points." RSA 336:1, II (Supp. 1996). Under the amendment, the interest rate dropped to 7.21 percent on January 1, 1996. On January 26, 1996, the plaintiff received a $57,000 verdict against the defendant.

The plaintiff moved for entry of judgment, requesting that interest be added to the damages at the rate of ten percent from the date of the writ to the date of the verdict. *See* RSA 524:1-b (1997). The trial court determined, however, that the appropriate interest rate for the entire period was that in effect on the date of the verdict, *i.e.*, 7.21 percent. This appeal followed.

The sole issue on appeal is what rate the legislature intended to apply to the verdict in cases of this nature. "In matters of statutory interpretation, this court is the final arbiter of the intent of the legislature . . . ." *Welch v. Director, N.H. Div. of Motor Vehicles*, 140 N.H. 6, 8, 662 A.2d 292, 293 (1995) (quotation omitted). Where several statutes deal with the same subject matter, we construe them to give effect to the legislative purpose for their enactment. *Appeal of Ashland Elec. Dept.*, 141 N.H. 336, 341, 682 A.2d 710, 713 (1996).

RSA 524:1-b provides for the addition to the amount of damages of "interest" from the date of the writ to the date of the verdict. In turn, RSA 336:1, II establishes annual floating interest rates but is silent as to the application of those rates to the often lengthy period from the date of the writ to the date of the verdict. *Cf.* RSA 336:2 (1995) (defining interest rate paid on judgments as the rate in effect at the time the verdict is rendered). Consequently, we turn to the legislative purpose in authorizing interest — to "provide compensation for the loss of use of money damages." *Metropolitan Prop. & Liabil. Ins. Co. v. Ralph*, 138 N.H. 378, 385, 640 A.2d 763, 768 (1994).

In establishing annual interest rates, the legislature has acknowledged that the value of money is not static. For example, if the plaintiff had received the $57,000 on the date of the writ, she could have prudently invested that sum and received varied rates of interest reflecting changing market conditions. Applying a single rate of interest to the period from the date of the writ to the verdict would not realistically reflect the economic market of our time. Accordingly, the intent of the legislature is to apply to each new year

the then-current interest rate. *See, e.g., Porter v. Clerk of Superior Court,* 330 N.E.2d 206, 208-09 (Mass. 1975).

▮ The proper computation of interest in this case requires the trial court to apply a ten percent interest rate from the date of the writ until January 1, 1996, the effective date of the amendment, and to apply the 7.21 percent rate thereafter. Consequently, the trial court's application of the 7.21 percent rate to the entire period is reversed, and the case is remanded for entry of judgment consistent with this opinion.

*Reversed and remanded.*

All concurred.