Compensation Appeals Board
No. 97-287

APPEAL OF RICHARD ROUTHIER

March 5, 1999

*Wadleigh, Starr, Peters, Dunn & Chiesa*, of Manchester (*Michael R. Mortimer* and *David C. Dunn* on the brief, and *Mr. Dunn* orally), for the petitioner.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Nelson A. Raust* and *Paul R. Kfoury, Jr.* on the brief, and *Mr. Raust* orally), for the

respondents, Wayne and Vera Young and Commercial Union Insurance Company.

BROCK, C.J. The petitioner, Richard Routhier, appeals an order by the New Hampshire Compensation Appeals Board (board) denying him workers' compensation benefits under a homeowner's insurance policy. We affirm.

The petitioner is the sole proprietor of a cleaning business. On November 1, 1995, the petitioner went to the home of Wayne and Vera Young to perform certain household services. After washing an outside window, the petitioner fell from a ladder and suffered a spinal cord injury that left him partially paralyzed. Neither the petitioner nor his business carried workers' compensation insurance.

The petitioner filed a claim for workers' compensation benefits under the Youngs' homeowner's insurance policy. The homeowner's policy, issued by Commercial Union Insurance Company (Commercial Union), contained an endorsement that provided workers' compensation insurance for "domestics." *See* RSA 281-A:6 (Supp. 1998). Commercial Union denied the claim based on the absence of an employer-employee relationship between the Youngs and the petitioner. After following the necessary procedural requirements, the petitioner filed this appeal from an order of the board ruling that the petitioner was not entitled to workers' compensation benefits.

On appeal, the petitioner argues that he is a domestic entitled to workers' compensation benefits pursuant to RSA 281-A:6. Further, he argues that even if he is not entitled to workers' compensation benefits under RSA chapter 281-A (Supp. 1998) (amended 1998), he falls within the workers' compensation coverage provided by the Youngs' homeowner's policy.

"We will uphold an order of the board unless it is erroneous as a matter of law or the claimant has demonstrated that the order is unjust or unreasonable." *Appeal of Gelinas*, 142 N.H. 295, 297, 700 A.2d 870, 871 (1997). We have consistently held that "the rights and remedies of parties under the workers' compensation law . . . are purely statutory." *Rooney v. Fireman's Fund Ins. Co.*, 138 N.H. 637, 638, 645 A.2d 52, 53 (1994) (citation and quotation omitted). "This court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole, and when the issue raised presents a new question of statutory construction, we begin our analysis with an examination of the statutory language." *Atwood v. Owens*, 142 N.H. 396, 398, 702 A.2d 333, 335 (1997) (quotation omitted). When interpreting legislative intent from a statute as

written, "we will not consider what the legislature might have said or add words that the legislature did not include." *Petition of Walker*, 138 N.H. 471, 474, 641 A.2d 1021, 1024 (1994). "Where the statutory language is ambiguous or where more than one reasonable interpretation exists, we review legislative history to aid in our analysis." *K & J Assoc. v. City of Lebanon*, 142 N.H. 331, 332, 703 A.2d 253, 254 (1997).

We begin our analysis by examining RSA 281-A:6, which provides:

> Notwithstanding any other provision of this chapter, of title XXXVII, or of any other law to the contrary, all insurance companies authorized to provide comprehensive personal liability, tenant's or homeowner's insurance in this state shall, in connection with such insurance, provide workers' compensation insurance covering domestics unless the employer has a separate policy of workers' compensation insurance covering domestics. Such insurance companies shall not be subject to RSA 281-A:9 or to the financial or other requirements with respect to workers' compensation insurance in addition to those requirements for writing comprehensive personal liability, tenant's or homeowner's insurance. Premium rates and policy forms or endorsements used by a company to provide workers' compensation insurance in accordance with the provisions of this section shall be subject to the approval of the insurance commissioner.

The petitioner argues that he falls within the definition of a domestic because he was performing household duties and maintenance to the Youngs' home. The respondents argue, and the board found, that the petitioner is not a domestic because he was not an employee of the Youngs. The petitioner does not contest this finding. Rather, the petitioner argues that the plain language of the phrase, "[n]otwithstanding any other provision of this chapter, of title XXXVII, or of any other law to the contrary," eliminates the necessity of an employment relationship between the parties. We disagree.

Contrary to the petitioner's assertions, RSA 281-A:6 mandates insurance companies to provide workers' compensation insurance with all comprehensive personal liability, tenant's, or homeowner's insurance policies issued in this State unless the employer has a separate workers' compensation insurance policy for domestics. The express language of this statute does not eliminate the requirement of an employment relationship for domestics. If the legislature

intended to eliminate the requirement of an employment relationship, it could have easily drafted the statute to do so. *Cf.* RSA 281-A:18 (Supp. 1998) (legislature eliminated requirement of employment relationship by expressly stating that contractor who subcontracts is liable for workers' compensation to subcontractor's employees); *Brewster Academy v. Town of Wolfeboro,* 142 N.H. 382, 385, 701 A.2d 1240, 1242 (1997) (if legislature wanted particular land to be taxable, it would have expressly stated so in the statute). We note, however, that the term "domestics" is not defined in RSA 281-A:6 or elsewhere in RSA chapter 281-A. Furthermore, we cannot glean the meaning of "domestics" from the context of RSA 281-A:6. Accordingly, we review legislative history to aid in our analysis. *See K & J Assoc.,* 142 N.H. at 333, 703 A.2d at 254.

The petitioner argues that the legislative history of RSA 281-A:2, :6 (Supp. 1998) indicates a legislative intent to provide him with coverage. He supports this assertion by focusing on the legislative history of the definitions of "employee," *see* RSA 281-A:2, VI, and "employer," *see* RSA 281-A:2, VIII. Prior to 1976, domestic and casual employees were excluded from workers' compensation coverage. *See* Laws 1973, 481:1, :2. Effective January 1, 1976, the legislature expanded the scope of workers' compensation coverage to include household employees who were covered by the Social Security Act. *See* Laws 1975, 475:1, :2. At the same time, the legislature provided a means to finance workers' compensation coverage for domestics by enacting the predecessor to RSA 281-A:6. *See* Laws 1975, 475:13. Furthermore, the legislature contemporaneously amended the predecessor to RSA 281-A:5 (Supp. 1998), by requiring an employer to secure compensation "[b]y insuring and keeping insured, the payment of compensation to their *domestic employees* with a company providing workmen's compensation insurance in accordance with RSA [281-A:6]." Laws 1975, 475:12 (emphasis added).

The express words of this statute mandate employers to provide workers' compensation coverage for their domestic employees in accordance with RSA 281-A:6. *See Appeal of HCA Parkland Medical Ctr.,* 143 N.H. 92, 94, 719 A.2d 619, 622 (1998). Thus, the term "domestic employees" in RSA 281-A:5, II and the term "domestics" in RSA 281-A:6 are interchangeable. The plain meaning of "domestic employees" in RSA 281-A:5, II shows an intent by the legislature to require an employment relationship. Because the terms "domestic employees" and "domestics" are interchangeable, the direct reference of RSA 281-A:5, II to RSA 281-A:6 shows an intent by the

legislature to require an employment relationship between homeowners and domestics.

■ In 1983, the legislature further broadened workers' compensation coverage by removing the domestic employee exception from the definitions of "employee" and "employer." *See* Laws 1983, 18:1, :2. The petitioner relies on legislative discussions regarding these amendments to show that RSA 281-A:6 provides coverage for him as a domestic. Specifically, the petitioner relies on comments by Senator Freese, a proponent of the amendment, who stated:

> HB 165-FN . . . extends workmen's compensation coverage to certain household employees. The bill eliminates the previous limitations on workmen's compensation coverage. In 1975 a bill was passed to cover household employees and it passed the Senate and got into the House and there was an amendment put on. Then it went to a Committee of Conference. In the Committee of Conference there was an exception made to the bill . . . [which] made it mandatory that before the claim could be engaged, in other words, before you could make a claim, $50 had to be earned by that employee to pay for some of this compensation coverage, and therefore the $3 was being charged on the insurance policy by the homeowner was no good because they couldn't collect on it. I know circumstances, and there were quite a few people who found that after they thought they had the coverage, didn't. This corrects that inequity and now there is no condition for the $50 up-front earning. When somebody gets hurt working around the house, inside or outside, mowing the lawn, washing windows and so forth, and are hired on a very short-term basis, if they get hurt they are covered by workmen's compensation.

N.H.S. JOUR. 145 (1983). It is clear from Senator Freese's comments that this amendment extended workers' compensation coverage only to "certain household employees." *Id.* The comments, however, indicate an assumption, at least by Senator Freese, that individuals hired on a very short-term basis who are injured while working around the house, mowing the lawn, washing windows and so forth will be covered by workers' compensation. *See id.* We are reluctant to give too much weight to comments offered by proponents of bills. *See Appeal of Reid,* 143 N.H. 246, 253, 722 A.2d 489, 494 (1998) (quotation omitted). Furthermore, the senator's comments are inconclusive on the question of whether domestics are exempt

from an employment relationship. *Cf. In Re Estate of Martin*, 125 N.H. 690, 692, 484 A.2d 1183, 1184 (1984). "Absent a formal legislative history of the statute, we must glean the intent of the legislature from the plain meaning of the language of the statute." *Id.* at 691, 484 A.2d at 1184. Because the express language of RSA chapter 281-A is silent on this question, we conclude that the petitioner's argument is without formal statutory support. Accordingly, we hold that a domestic must be an employee of the homeowner in order to receive workers' compensation benefits.

We note, however, that it would be a formidable challenge to find an individual who mows a lawn or washes a window to be an employee of a homeowner under the existing test for an employment relationship. *See* RSA 281-A:2, VI; *Petition of City Cab of Manchester*, 139 N.H. 220, 221, 652 A.2d 1202, 1202-03 (1994). Because it is unclear what the legislature intended to include in the term "domestic," from its plain meaning, we encourage the legislature to define the term "domestics" rather than requiring us to define it on a case-by-case basis. *Cf. Disco v. Board of Selectmen*, 115 N.H. 609, 612, 347 A.2d 451, 453 (1975) (encouraging legislative enactment defining petition procedure and thereby eliminating need for court to define procedures post-petition).

Additionally, the petitioner argues that an endorsement to the Youngs' homeowner's insurance policy provides him with workers' compensation coverage regardless of the coverage provided under RSA chapter 281-A. If we assume, without deciding, that the petitioner can be entitled to workers' compensation coverage independent of the Workers' Compensation Law, the homeowner's policy does not help him. "The interpretation of insurance policy language is ultimately a question of law for this court to decide. In this effort, we look to the plain and ordinary meaning of words in their context, and construe the terms of the policy . . . based on more than a casual reading of the policy as a whole." *Concord Gen. Mut. Ins. Co. v. Mitchell*, 138 N.H. 229, 231, 637 A.2d 903, 904 (1994) (citations and quotation omitted).

The question before us is whether the petitioner was a "residence employee" as defined in the policy. The petitioner relies solely on the endorsement to the Youngs' homeowner's policy to define "residence employee." The endorsement, however, states that "residence employee" has the meaning stated in the policy. The policy defines "residence employee" as "[a]n employee of an 'insured' whose duties are related to the maintenance or use of the 'residence premises', including household or domestic services." Thus, whether the petitioner has coverage under the homeowner's policy depends on

whether the petitioner is an employee of the Youngs. *See Allen v. Sentry Insurance*, 137 N.H. 579, 581-82, 630 A.2d 780, 781-82 (1993).

█ The board ruled that the petitioner was not an employee of the Youngs. The petitioner does not challenge this ruling. Accordingly, we uphold the board's decision not to extend workers' compensation coverage to the petitioner absent an employment relationship with the Youngs.

*Affirmed.*

BRODERICK, J., did not sit; the others concurred.