Compensation Appeals Board
No. 2000-441

APPEAL OF KRAFT FOODS, INC.

(New Hampshire Compensation Appeals Board)

Argued: January 17, 2002
Opinion Issued: April 15, 2002

*Devine, Millimet & Branch, P.A.*, of Manchester (*Eric G. Falkenham* on the brief and orally), for the petitioner.

*Hall, Hess, Stewart, Murphy & Brown, P.A.*, of Manchester (*Francis G. Murphy* on the brief and orally), for the respondent.

NADEAU, J. The petitioner, Kraft Foods, Inc., appeals a decision of the New Hampshire Compensation Appeals Board (board) awarding workers' compensation benefits to the respondent, Claire Connors, pursuant to RSA 281-A:48 (1999). We reverse.

The record supports the following facts. During the weekend of January 15 through January 18, 1999, the respondent attended a company outing sponsored by the petitioner at the Waterville Valley Conference Center. The respondent attended several mandatory meetings on Friday, January 15 and during the morning of Saturday, January 16. Beginning Saturday afternoon, the respondent was free to attend several optional seminars, go on a sleigh ride or enjoy free time with her family. On Saturday evening, the petitioner provided several optional recreational events for its employees. On Sunday, the respondent had her choice of "winter entertainments" provided by the petitioner, including sleigh rides, skating and downhill or cross-country skiing. The respondent was also free to do nothing or to leave once Saturday's mandatory meetings concluded. The respondent opted for cross-country skiing on Sunday and a sleigh ride on Monday with her regional director. The respondent broke her right fibula while cross-country skiing on Sunday.

As a result of her injuries, the respondent was not able to work from January 17 through March 22, 1999. The respondent applied for workers' compensation benefits and, after a hearing, a department of labor hearing officer determined that the respondent had failed to meet her burden of proof that her injury arose out of and in the course of her employment pursuant to RSA 281-A:2, XI (1999) (amended 2001).

The respondent appealed and a *de novo* hearing was held before the board. In finding that the respondent was entitled to benefits, the board determined, given the nature of the meeting and the team building

atmosphere fostered by the petitioner, that the respondent reasonably expected that her career would be enhanced by participating in the voluntary recreational activities offered by the petitioner.

On appeal, the petitioner argues that the legislative history of RSA 281-A:2, XI belies the grant of benefits to the respondent, and that RSA 281-A:2, XI requires that the employee reasonably expect that her participation in the employer-sponsored recreational activity be a condition of employment or be required for promotion, increased compensation or continued employment. Further, assuming the employee had such a reasonable expectation, the petitioner argues that it must have been based upon the employer's instruction or policy. Finally, the petitioner contends that the board misinterpreted the statutory test set out in RSA 281-A:2, XI, and that the record contains no evidence to support the board's ruling.

On questions of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. See State v. Sullivan, 144 N.H. 541, 543 (1999). When a statute's language is plain and unambiguous, we need not look beyond the statute for further indication of legislative intent. See State v. Comeau, 142 N.H. 84, 86 (1997). Because we decide this case based upon the plain meaning of RSA 281-A:2, XI, we need not address the petitioner's remaining arguments.

RSA 281-A:2 provides, in pertinent part:

> Notwithstanding any law to the contrary, "injury" or "personal injury" shall not mean accidental injury, disease, or death resulting from participation in athletic/recreational activities, on or off premises, unless the employee reasonably expected, based on the employer's instruction or policy, that such participation was a condition of employment or was required for promotion, increased compensation, or continued employment.

RSA 281-A:2, XI. Based upon the provisions of RSA 281-A:2, XI, the board determined that the respondent held a reasonable expectation that her career with the petitioner would be enhanced and that the nature of a weekend-long meeting, coupled with the petitioner's emphasis on team building, substantiated such an expectation. We disagree.

In determining that the respondent's expectations were reasonable, the board highlighted the mandatory nature of the regional meetings, as well as the respondent's age, gender, part-time employment status, relatively short employment tenure and position "on the bottom rung of the corporate ladder." Based upon these criteria, the board determined that

the respondent reasonably believed that participation in the recreational activities offered at the regional meeting was a "good way to meet people in the organization and enhance her future" with the petitioner. The board next determined that the petitioner effectuated an instruction or policy concerning participation in the weekend's events, thereby substantiating the respondent's expectations. The board held that the petitioner's emphasis on team building was also meant as a sort of test, "a way for the managers at Kraft to meet their employees and to see what type of individuals they were." Given this emphasis on attendance and participation, the board concluded that the respondent's reasonable belief that she was expected to participate in the weekend's recreational activities was substantiated by the petitioner's instruction or policy.

■ We will uphold an order of the board unless it is erroneous as a matter of law or the petitioner has demonstrated that the order is unjust or unreasonable. See Appeal of HCA Parkland Medical Ctr., 143 N.H. 92, 93 (1998); RSA 541:13 (1997). We hold that the board erred as a matter of law when it granted benefits to the respondent based upon a finding that she had a reasonable expectation that "her career at Kraft would be enhanced." RSA 281-A:2, XI requires, in part, that an injured employee reasonably expect that participation in a recreational activity be a "condition of employment" or be "required for promotion, increased compensation, or continued employment." RSA 281-A:2, XI. We cannot find that a reasonable expectation that one's career would be "enhanced" is equivalent to this clear and exacting statutory standard.

Even if the board had applied the correct standard, however, the respondent would still fail both prongs of RSA 281-A:2, XI. The respondent testified before the board that she did not have any expectation that her attendance at the regional meeting would affect her employment with the petitioner. Moreover, the respondent failed to demonstrate that the petitioner's instructions or policies created a reasonable expectation that her participation was required. The board found that mandatory meetings were held on Friday and Saturday, while Sunday and Monday were free days during which employees and their families could enjoy a variety of winter activities.

■ Though the board found that attending the mandatory meetings and then leaving was not a "logical alternative," there is no evidence in the record to indicate that participation in recreational activities was a condition of employment, promotion, increased compensation or continued employment. In a November 18, 1998 memorandum, the petitioner's regional director informed the attending employees that on Sunday they

could participate in a variety of activities provided by the petitioner, or "simply relax and enjoy your time away from work." Therefore, while participating in these activities may have furthered the team building efforts of the petitioner, no reasonable interpretation of RSA 281-A:2, XI would support the determination that merely by providing recreational activities the employer created a condition, based on instruction or policy, that such participation was a condition of the respondent's employment or a requirement for her promotion, increased compensation, or continued employment.

*Reversed.*

BRODERICK, J., sat for oral argument but did not take part in the final vote; BROCK, C.J., and DALIANIS and DUGGAN, JJ., concurred.