Grafton
No. 2002-136

DENISE CROSS

v.

CAMERON BROWN

Argued: September 11, 2002
Opinion Issued: October 29, 2002

*Upton & Hatfield, LLP*, of Concord (*David P. Slawsky* on the brief and orally), for the plaintiff.

*Ransmeier & Spellman, P.C.*, of Concord (*Charles P. Bauer* and *John T. Alexander* on the brief, and *Mr. Bauer* orally), for the defendant.

*George A. Stewart*, assistant Merrimack County attorney, by brief, for the New Hampshire Association of Chiefs of Police, Inc., as *amicus curiae*.

*Gary H. Bernier*, of Concord, by brief, for the New Hampshire Municipal Association, as *amicus curiae*.

BRODERICK, J. The plaintiff, Denise Cross, filed suit in superior court against the defendant, Cameron Brown, former chief of the Ashland Police Department, seeking a declaration that he violated her rights under the New Hampshire Right to Privacy Act, RSA chapter 359-C (1995 & Supp. 2002), and an award of costs and attorney's fees. In this interlocutory transfer and appeal, *see* SUP. CT. R. 8, 9, we are asked to decide: (1) whether RSA chapter 359-C creates a civil cause of action, and if so, what remedies the statute authorizes; and (2) whether official immunity or qualified immunity is a defense available to a municipal police officer accused of violating the statute. The first question was transferred without ruling by the Superior Court (*Burling*, J.). The second question comes to us following the superior court's denial of the defendant's motion for summary judgment. Because we hold that RSA chapter 359-C does not create the private right of action advanced by Cross, we need not decide whether the defendant is entitled to an immunity defense.

We take the facts as presented in the interlocutory transfer. *See Trovato v. DeVeau*, 143 N.H. 523, 524 (1999). On March 4, 1998, during the course of a criminal investigation conducted by the New Hampshire State Police concerning funds missing from the Ashland Elementary School lunch program, the defendant and State Trooper Robert Terhune met with

the president of Meredith Village Savings Bank, where Cross had an account. The officers informed the president that because they did not have a warrant, a subpoena or an authorization from Cross, they were inquiring generally about the credit card application process for bank customers, such as Cross. At the conclusion of the meeting, Trooper Terhune asked the president whether there was anything else that he could think of that might be helpful to the investigation. In response, he volunteered private information regarding Cross' account. Cross was subsequently indicted for theft by unauthorized taking. At her criminal trial, the Superior Court (*Fitzgerald*, J.) granted Cross' motion to suppress the account information obtained from the bank president. The trial concluded with a directed verdict in Cross' favor.

Subsequently, Cross filed suit in superior court seeking a declaration that the defendant violated her rights under RSA chapter 359-C by obtaining her confidential financial information from her bank without her consent or by lawful authority. She also requested an award of costs and attorney's fees associated with both the suppression motion and her pending civil suit. Both parties moved unsuccessfully for summary judgment. The basis for the defendant's motion was that he was shielded from liability by the doctrines of official immunity, statutory immunity, common law immunity and qualified immunity. The trial court granted the parties' joint motion for interlocutory appeal.

We turn first to whether RSA chapter 359-C confers upon Cross the right to seek a declaration that the defendant violated her rights under the statute. This court is the final arbiter of the meaning of a statute, as expressed in the words of the statute itself. *Appeal of HCA Parkland Medical Ctr.*, 143 N.H. 92, 94 (1998). We interpret statutes not in isolation, but in the context of the overall statutory scheme. *Id.* Although we give undefined language its plain and ordinary meaning, we must keep in mind the intent of the legislation, which is determined by examining the construction of the statute as a whole, and not simply by examining isolated words and phrases found therein. *Id.*

The Right to Privacy Act prohibits government officials from obtaining access to customer financial or credit records, or the information they contain, held by financial institutions or creditors without the customer's authorization, an administrative subpoena, a search warrant or a judicial subpoena. RSA 359-C:4, I (1995). The act provides three remedies for violations: quashing of an administrative or judicial subpoena; criminal penalties; and injunctive relief. RSA 359-C:8, I(c), :10, I(b), :12, :14 (1995). It further states that these remedies "shall be the exclusive remedies

available to a customer aggrieved by a violation of the provisions of this chapter." RSA 359-C:14-a (1995).

There being no explicit private right of action to seek a declaration of the statute's violation, we must now examine whether one is implied. *See Snierson v. Scruton,* 145 N.H. 73, 79 (2000) (absent legislature's express or implied intent to create private right of action, we will conclude that statute does not do so). Cross argues that her action is impliedly authorized by sections 13 and 14 of the act. Section 13 provides, "In any successful action to enforce liability for a violation of the provisions of this chapter, the customer may recover the cost of the action together with reasonable attorney's fees as determined by the court." RSA 359-C:13 (1995). Section 14 allows for injunctive relief and provides costs and attorney's fees for successful actions. RSA 359-C:14.

Cross contends that implicit in the use of the term "liability" in section 13 is the notion that the legislature anticipated that customers could pursue some kind of action in response to a violation of the privacy rights created by the statute. She further argues that if an action for injunctive relief were the only civil action available, it would have been unnecessary to repeat in section 14 the language authorizing the recovery of costs and attorney's fees that is set forth in section 13.

We hold that the Right to Privacy Act does not confer upon aggrieved customers any implied right to seek a general declaration that the statute has been violated. The most compelling indication that the legislature intended to deny such a remedy is the statutory language in RSA 359-C:14-a precluding any form of relief not provided for in the statute. This provision makes clear that the remedies are limited to quashing a subpoena, criminal penalties and injunctive relief. *See* RSA 359-C:8, I(c), :10, I(b), :12, :14. It is apparent from reading the statute in its totality that the reference in section 13 to "action[s] to enforce liability for a violation of . . . this chapter" is meant to refer to those remedies explicitly authorized by the statute and is not intended to create any additional rights of action. Although we generally presume that the legislature does not use superfluous or redundant words, *see Appeal of Derry Educ. Assoc.,* 138 N.H. 69, 71 (1993), interpreting RSA chapter 359-C to create additional remedies would circumvent the statute's plain meaning, in light of the express language in section 14-a.

Cross further argues that she is entitled to costs and attorney's fees associated with her suppression motion. *See State v. Flynn,* 123 N.H. 457, 465 (1983) (holding that because suppression of illegally obtained evidence is a form of injunctive relief, suppression of defendant's bank records

obtained in violation of RSA chapter 359-C is an appropriate remedy). At oral argument, Cross' counsel conceded that Cross failed to request costs and attorney's fees in the criminal proceeding at the time she filed the suppression motion. Accordingly, the issue is not properly before us and we need not address it.

*Remanded.*

BROCK, C.J., and NADEAU, DALIANIS and DUGGAN, JJ., concurred.