# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0255, <u>John R. Griffin, Jr. v. Executive Assistant, Adult Parole Board</u>, the court on May 31, 2019, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, John R. Griffin, Jr., appeals orders of the Superior Court (<u>Brown</u>, J.) dismissing his complaint and amended complaint against the defendant, the executive assistant of the Adult Parole Board (board), in which he sought damages for the defendant's denial of his requests for a hearing pursuant to RSA 651-A:19, VI (2016). We construe his brief to argue that the trial court erred by not ruling that he had stated claims for relief under: (1) the statute; (2) the Due Process and Equal Protection Clauses of the Fourteenth Amendment; and (3) the Eighth Amendment.

In reviewing an order granting a motion to dismiss, we assume the well-pleaded allegations of fact in the complaint to be true, and draw all reasonable inferences from those facts in the plaintiff's favor. <u>Estate of Mortner v. Thompson</u>, 170 N.H. 625, 631 (2018). We also consider documents attached to the pleadings, documents the authenticity of which the parties do not dispute, official public records, and documents referred to in the complaint. <u>Ojo v. Lorenzo</u>, 164 N.H. 717, 721 (2013). We do not, however, credit allegations in the complaint that are merely conclusions of law. <u>Mortner</u>, 170 N.H. at 631. We then engage in a threshold inquiry that tests the facts in the complaint against the applicable law, and determine whether the allegations are reasonably susceptible of a construction that would permit recovery. <u>Id</u>.

The record on appeal establishes that in June 2016, the board revoked the plaintiff's parole and recommitted him to the New Hampshire State Prison for a period of six months. In November 2016, the board held a review hearing, and again granted the plaintiff parole, conditioned upon approval of a housing plan. The plaintiff was unable to secure approved housing, and in 2017, he submitted several requests to the defendant for a hearing before the board pursuant to RSA 651-A:19, VI, which provides that "[a]ny prisoner who is subject to an extended term of recommittal shall, upon request, be entitled to a hearing before the parole board after serving 6 months of his or her term of recommittal and every 6 months thereafter." In response, the defendant told the plaintiff that, because he had already been granted parole subject to

obtaining approved housing, "there was nothing for the parole board to review." Ultimately, the plaintiff's security status was reduced and he was moved to a halfway house in September 2017. In December 2017, after he failed to return to the halfway house when required, the plaintiff was placed on escape status, apprehended, and returned to the state prison.

In September 2017, the plaintiff filed suit in the United States District Court for the District of New Hampshire against the defendant and the Department of Corrections, seeking damages for claims based upon alleged violations of RSA 651-A:19, VI and the alleged deprivation of his rights under the Federal Constitution. The federal court dismissed the federal claims with prejudice, and dismissed the state law claims without prejudice to re-filing them in state court.

Thereafter, the plaintiff commenced the present case, which the trial court interpreted as a request for habeas corpus relief. Following a hearing, the trial court dismissed the habeas corpus claim, stated that the case would "continue as a Civil Claim for monetary damages," and granted the plaintiff thirty days to amend his complaint. The plaintiff filed an amended complaint asserting that he was entitled to a hearing under RSA 651-A:19, VI, that the defendant had violated RSA 651-A:19, VI and the Eighth Amendment, and that he was entitled to an award of at least $500,000 in damages. The trial court granted the defendant's motion to dismiss, reasoning that RSA 651-A:19, VI does not create a private right of action, that the defendant was not the proper party against whom to assert an Eighth Amendment claim, and that, because the plaintiff's original sentence had not yet expired, a denial of parole could not trigger an Eighth Amendment violation. This appeal followed.

At the outset, we note that the constitutional arguments raised in the plaintiff's brief were not articulated in either his notice of appeal or his amended notice of appeal. Moreover, the only constitutional claim raised in the plaintiff's amended complaint in the trial court was an Eighth Amendment claim; he did not raise due process or equal protection claims, either in his amended complaint or in his motion to dismiss. Thus, even if we were to assume, without deciding, that the constitutional claims raised by the plaintiff in his brief are not precluded by the federal court's dismissal, with prejudice, of his federal constitutional claims, we agree with the defendant that the arguments are not preserved for our review. See, e.g., Halifax-American Energy Co. v. Provider Power, LLC, 170 N.H. 569, 574 (2018). Accordingly, we limit our review to whether the trial court erred by dismissing the plaintiff's claim for damages for the defendant's alleged violations of RSA 651-A:19, VI.

Contrary to the plaintiff's argument, the mere provision of a statutory obligation by the legislature does not necessarily imply the availability of a civil damages remedy for its violation. See Marquay v. Eno, 139 N.H. 708, 715-16 (1995) (rejecting argument that statutory obligation to report suspected child

abuse or neglect implies legislative intent to create civil liability to children harmed by the statute's violation). Rather, in the absence of an express right of action provided by a statute for its violation, we will not construe the statute to create a private right of action unless the plaintiff establishes that the legislature's intent to create such a remedy is implied by its terms. See id.; see also Cross v. Brown, 148 N.H. 485, 487 (2002); Snierson v. Scruton, 145 N.H. 73, 79 (2000). In this case, the plaintiff has not established why RSA 651-A:19, VI necessarily implies legislative intent to provide a recommitted person with a civil damages remedy if the board fails to hold a hearing in accordance with the statute. See Gallo v. Traina, 166 N.H. 737, 740 (2014) (appealing party has burden of establishing reversible error).

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,<br>Clerk**