Hillsborough,
No. 5374.

## Alphonse Salito *v.* Anne Salito.

Argued December 7, 1965.

Decided February 28, 1966.

*Hamblett, Kerrigan & Hamblett* and *Robert W. Pillsbury* ( *Mr. Pillsbury* orally ), for the plaintiff.

*Harkaway & Barry* ( *Mr. Aaron A. Harkaway* orally ), for the defendant.

KENISON, C. J. Although the evidence is conflicting, there is support in the record for the finding of the Court that the husband was not entitled to a divorce. The husband can prevail only if his contention is correct that the issue of abandonment by the wife is res judicata because of the order of the Court in 1962 in the proceedings under the Uniform Reciprocal Enforcement of Support Act. RSA ch. 546 ( supp ). Under that act it is not necessary that the husband flee the jurisdiction, abscond or attempt to conceal his whereabouts. *Bourdon* v. *Bourdon*, 105 N. H. 432. The determination of the husband's ability to support his wife or his obligation to support her does not necessarily or automatically determine that the separation of the parties is not consensual, or that either party has cause for divorce, nor does it supplant the statutory grounds for divorce. See *State* v. *Greenberg,* 16 N. J. 568; *Stubbefield* v. *Stubbefield* ( Tex. Civ. App. ) 272 S.W. 2d 633.

The civil remedies provided in the Reciprocal Enforcement of Support Act "are in addition to and not in substitution for any other remedies." RSA 546:3 ( supp ); *Bourdon* v. *Bourdon, supra;* Annot. 42 A.L.R. 2d 768; Kelso, Reciprocal Enforcement: 1958 Dimensions, 43 Minn. L. Rev. 875 ( 1959 ). It was not intended that this act would import into the law of support across state lines the unsatisfactory doctrine of election of remedies. It is true that friction and discord between the husband and wife was of long duration and apparently neither desired a reconciliation. It is true that the wife "in effect refused to accompany her husband" from New York to New Hampshire. But these truths do not solve the problem of who was at fault, or whether the separation was justified or whether the wife's refusal to accompany her husband was justified. *Merritt* v. *Merritt,* 85 N. H. 210. We conclude that the dismissal of the divorce petition in 1965 was proper and that the issue of abandonment by the wife was not res judicata by virtue of the 1962 proceeding under the Uniform Act.

*Plaintiff's exceptions overruled.*

All concurred.