Belknap
No. 6515
No. 6516

DONALD P. MORIN, SR.

v.

J. H. VALLIERE CO. & a.

SAME

v.

NORTHERN HEATING & PLUMBING CO., INC. & a.

August 27, 1973

432

*Hall, Morse, Gallagher & Anderson (Mr. Charles T. Gallagher* orally) for the plaintiff.

*Augustine J. McDonough,* by brief and orally, for defendants J. H. Valliere Co. and Royal Indemnity Company.

*Wadleigh, Starr, Peters, Dunn & Kohls* and *Eugene M. Van Loan III (Mr. Van Loan* orally) for defendants Northern Heating & Plumbing Co., Inc., and The Travelers Insurance Company.

LAMPRON, J.   On March 24, 1965, while in the employ of Valliere, plaintiff was in an automobile accident in which he received neck injuries which resulted in a neck fusion being performed. In June 1966, plaintiff complained to Dr. Garger, an orthopedic surgeon, about a low back pain radiating to his left leg. It was treated conservatively with muscle relaxants, pain medications, bed rest and heat. In 1967, while employed by Northern, plaintiff "claimed further benefits for back trouble against Valliere which benefits were denied"

by the deputy labor commissioner on September 25, 1967. An appeal therefrom to the superior court under RSA 281:37 was taken by plaintiff's counsel and when scheduled for hearing on March 19, 1968, it was marked "Voluntary Non-Suit."

On June 17, 1968, plaintiff was injured while crawling in a boiler as part of his work for Northern. He suffered an "acute onset of low back and left leg pain," and received compensation from its insurer, Travelers. On August 21, 1969, plaintiff, then self-employed, suffered a recurrence of his back injury which necessitated an operation in September 1969, when a back fusion was done. He brought a claim for compensation against Northern contending that this injury was causally related to the June 17, 1968 accident which he suffered while in its employ. The deputy labor commissioner denied the claim and plaintiff appealed to the superior court. After a hearing, *Keller*, C.J. decreed, on April 14, 1971, that the plaintiff was not entitled to compensation from Northern for this back trouble and operation. This appeal is one of the issues before us.

The plaintiff also sought compensation from Valliere for this same injury. On August 18, 1971, the deputy labor commissioner ruled that plaintiff's disability from August 21, 1969 through March 10, 1970 was not causally related to the accidental injury of March 24, 1965, when he was employed by Valliere. Plaintiff appealed to the superior court under RSA 281:37 (Supp. 1972). Valliere and its insurer, Royal Indemnity, moved to dismiss the appeal on the ground that the issue of their liability had been adjudicated adversely to the plaintiff in 1967 when he failed to pursue his appeal from a denial by the commissioner of a claim against Valliere for a back injury resulting from the March 24, 1965 accident. The Trial Court *(Mullavey,* J.) granted defendants' motion to dismiss on the ground that plaintiff's present claim was barred as res judicata. This is the other issue to be decided by this court.

Res judicata is generally interpreted to cover all the various ways in which a judgment in one action will have a binding effect in another. This includes the effect of the former judgment as a bar or merger where the later action proceeds on

all or part of the very claim which was the subject of the former. *Sanderson v. Balfour,* 109 N.H. 213, 247 A.2d 185 (1968). It also includes what has come to be known as collateral estoppel, the effect of a former judgment in a later action based upon a different claim or demand. *Ainsworth v. Claremont,* 108 N.H. 55, 56, 226 A.2d 867, 869 (1967); F. James, Civil Procedure § 11.9, at 549, 550 (1965); Restatement (Second) of Judgments, Introductory Note at 1 (Tent. Draft No. 1, 1973).

Res judicata has been applied to a decision of an administrative agency, such as the labor commissioner or his deputy acting under RSA ch. 281, which is rendered in a judicial capacity and resolves disputed issues properly before it which the parties have had an adequate opportunity to litigate. *LaBonte v. National Gypsum Co.,* 110 N.H. 314, 316, 269 A.2d 634, 636 (1970); K. Davis, Administrative Law Text § 18.02 (1972); 3 A. Larson, Workmen's Compensation Law § 79.71, at 222 (1971). Contrary to plaintiff's contention, such a decision in the absence of an appeal which is pursued would meet the requirements of finality needed for res judicata to apply. RSA 281:37 (Supp. 1972); Restatement (Second) of Judgments § 41 (Tent. Draft No. 1, 1973).

However, in an administrative proceeding under the Workmen's Compensation Law the decision rendered is only an adjudication as to the condition of the injured workman at the time it is entered and is conclusive only as to matters adjudicable at that time. It is not a judgment as to the claimant's future condition and does not preclude a subsequent award on changed conditions of the employee. Restatement (Second) of Judgments § 61, Comment *f,* at 87 (Tent. Draft No. 1, 1973); *see Bois v. Manchester,* 113 N.H. 339, 306 A.2d 778 (1973); *Grose v. Cohen,* 406 F.2d 823 (4th Cir. 1969); Annot., 122 A.L.R. 550 (1939). It follows that res judicata does not apply if the issue at stake was not specifically decided in the prior proceeding, or, even if decided, was not essential to the final decision. *McGrath v. McGrath,* 109 N.H. 312, 315, 251 A.2d 336, 339 (1969); 3 A. Larson, Workmen's Compensation Law § 79.71, at 234 (1971).

The defendants Valliere and Royal Indemnity who assert the appliability of res judicata have the burden of showing

that the identical issue which is the basis of plaintiff's present claim was determined adversely to him by the September 25, 1967 decision of the deputy labor commissioner. *McGrath v. McGrath,* 109 N.H. at 315, 251 A.2d at 339; K. Davis, Administrative Law Text § 18.10, at 371 (1972); F. James, Civil Procedure § 11.20, at 580 (1972). We hold that on the record before us the defendants have failed to meet this burden and that their motion to dismiss on the ground of res judicata was improperly granted. Plaintiff's exception thereto is sustained. *Ainsworth v. Claremont,* 108 N.H. 55, 226 A.2d 867 (1967); *Salito v. Salito,* 107 N.H. 53, 217 A.2d 179 (1966); 3 A. Larson, Workmen's Compensation Law § 79.71, at 234 (1971).

On plaintiff's appeal from the denial by the trial court of his claim for compensation against Northern for his latest disability, he challenges the trial court's finding that it was not an aggravation of or a result of any back injury sustained while working for Northern. The only medical evidence on the issue was the testimony of Dr. Garger the orthopedic surgeon who treated the plaintiff from his first injury in March 24, 1965, and who operated on him in September 1969, performing a fusion of his back. The doctor testified that in his opinion the plaintiff's back problem for which he was operated was a direct result of his automobile accident in March 1965, while working for Valliere. Northern is not estopped from disclaiming liability for this disability by the fact that it voluntarily undertook to compensate him in 1968 for a back injury while he was working for Northern. RSA 281:36-a (Supp. 1972).

(No. 6515) *Plaintiff's exception sustained.*
(No. 6516) *Plaintiff's exceptions overruled.*

All concurred.