Rockingham
No. 80-415

## PORTSMOUTH POLICE DEPARTMENT & a.

### v.

## WILLIAM D. MORTIMER

May 11, 1981

*Devine, Millimet, Stahl & Branch*, of Manchester (*Andrew D. Dunn* on the brief), by brief for the plaintiffs.

*Stephen L. Tober*, of Portsmouth, by brief for the defendant.

PER CURIAM. The issue in this workmen's compensation case is whether an unappealed decision of the labor commissioner, in which the commissioner determined that a "minor stroke" suffered in 1977 by the defendant, who had a long prior history of hypertension, was compensable and that medical bills incurred for the evaluation of his medical problem were to be paid by the employer's insurance carrier, bars the employer from challenging a later claim filed by the defendant for his treatment for hypertension administered subsequent to the commissioner's decision. We hold that it does not.

In April 1977, the defendant was employed by the plaintiff Portsmouth Police Department as chief of detectives. He had been undergoing treatment and taking medication for hypertension since 1969, but his blood pressure had continued to be above normal. On April 27, 1977, after an extensive session on the firing range, the defendant experienced numbness in his right arm and went to the hospital under the care of his regular doctor. He was later referred to the New England Medical Center Hypertension Clinic for further evaluation.

The defendant applied for workmen's compensation benefits and, after a hearing on August 1, 1977, the labor commissioner, in a decision dated August 31, 1977, found that the work on the firing range was a "contributory factor to the onset of the flaccid paralysis of his right arm resulting in the previously stated period of disability. . . ." The employer's insurance carrier, also a plaintiff in the case before us, was ordered to pay workmen's compensation benefits "for the period of time in question" and any "medical bills incurred for evaluation of . . . [the defendant's] medical problem." The commissioner also found that the defendant had not suffered any permanent partial disability. No appeal was taken from this decision.

Although the defendant was discharged from the hypertension clinic on June 8, 1977, as "able to work," he continued treatment under one of the doctors at the clinic. He submitted the medical bills for his hypertension treatment to the city, but the compensation carrier refused to pay them. On June 21, 1979, the labor commissioner held a follow-up hearing on the defendant's claim for compensation for his hypertension treatment since June 1977. There was a conflict of medical evidence on the question whether the April 27, 1977, incident was a cause of his hypertension. The commissioner found the hypertension treatment to be compensable and ordered the employer's insurance carrier to pay the defendant's medical bills for that treatment. The plaintiffs appealed to

the superior court. On motion of the defendant, the Court (*Bean,* J.) dismissed the appeal on the ground that the unappealed ruling of the commissioner in August 1977 was res judicata with respect to the present claim. The plaintiffs appealed to this court.

■ Res judicata applies to decisions of the labor commissioner. *Morin v. J. H. Valliere Co.,* 113 N.H. 431, 434, 309 A.2d 153, 155 (1973). The August 1977 decision of the labor commissioner, however, determined only that the onset of the flaccid paralysis of the right arm arose out of and in the course of the defendant's employment and that the plaintiffs were liable for compensation for the "previously stated period of disability" and for medical bills incurred in evaluating the medical problem. The defendant recovered from the flaccid paralysis and returned to work. He now seeks to recover the expense of his treatment for hypertension, a condition from which he has suffered since 1969, long before the 1977 incident. Whether that hypertension was aggravated by the 1977 incident, and, if so, the extent of that aggravation, and whether the expense of treatment is any greater because of the incident, are matters that were not determined by the August 1977 decision of the labor commissioner.

■■ The decision of August 1977 was conclusive only as to matters which were adjudicable at that time and not as to the defendant's future condition. *Morin v. J. H. Valliere Co. supra.* The defendant has not shown that his present claim was decided by the commissioner in August, 1977, and the motion to dismiss on res judicata grounds was therefore improperly granted. *See id.* at 434–35, 309 A.2d at 155–56.

*Reversed and remanded.*