Southworth v. SmithKline          CV-95-447-SD 08/04/97

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Janice Southworth;
Gregory Southworth


   v.                                    Civil No. 95-447-SD


SmithKline Beecham
  Pharmaceuticals


**O R D E R**


In this products liability action, plaintiff Janice
Southworth claims that she contracted systemic lupus
erythematosus from the administration of a hepatitis B vaccine,
Energix B.  Presently before the court is defendant's motion for
summary judgment, to which plaintiff objects.


Background

Plaintiff was a nurse working for the American Red Cross.
As part of her job, she received a hepatitis B vaccine,
Energix B, manufactured by defendant SmithKline Beecham.  A week
later, she began experiencing flu-like symptoms; three weeks
after that she was diagnosed with systemic lupus erythematosus.

Plaintiff filed a workers' compensation claim.  The
insurance company for the American Red Cross, National Union Fire

Insurance, sought to avoid paying benefits. A hearing was held at the New Hampshire Department of Labor, and the hearing officer held that there was no causal relationship between plaintiff's illness and the hepatitis B vaccination. Plaintiff filed a Petition for Right to Appeal, which was granted by the Hillsborough County Superior Court.

## Discussion

Defendant seeks summary judgment on grounds that plaintiff is collaterally estopped from pursuing her claims by the decision of the New Hampshire Department of Labor. A necessary element of all plaintiff's claims is that the defendant's vaccine caused her injuries. In denying her workers' compensation benefits, the New Hampshire Department of Labor held that the necessary causal relation was absent. Thus, defendant argues that plaintiff is estopped from proving causation.

The doctrine of collateral estoppel "bars a party to a prior action . . . from relitigating any issue or fact actually litigated or determined in the prior action. Daigle v. City of Portsmouth, 129 N.H. 561, 570, 534 A.2d 689, 693 (1987). The elements of collateral estoppel are (1) the issue must be identical in each action, (2) the first action must have resolved the issue finally on the merits, (3) the party to be estopped

2

must have had a full and fair opportunity to litigate the issue, and (4) the issue decided in the prior proceeding must have been essential to the first judgment. Petition of Gilpatric, 138 N.H. 360, 362, 639 A.2d 267, 268 (1994).

It is well settled that decisions of the New Hampshire Department of Labor are entitled to preclusive effect in subsequent civil proceedings. Roy v. Jasper Corp., 666 F.2d 714, 716 (1st Cir. 1981).

Here, the parties dispute the element of finality. Plaintiff argues that the Department of Labor's finding of no causation between defendant's vaccine and plaintiff's injury is not final because plaintiff has appealed the Department's decision. New Hampshire Revised Statutes Annotated (RSA) 281-A:43, II, provides, "a decision of the commission . . . shall take effect upon the date of notification and shall become final, in the absence of an appeal from it, 30 days after notification." Morin v. J.H. Valliere Co., 113 N.H. 431, 434, 309 A.2d 153, 155 (1973) (emphasis added) (decision of Labor Commissioner which is subject of pending appeal is not final). Defendant argues that plaintiff has not actually filed an appeal, but merely has obtained the right to file an appeal from the New Hampshire Superior Court. However, after defendant submitted its memorandum arguing that plaintiff had merely obtained the right

3

to file an appeal, plaintiff exercised her right and did in fact formally file an appeal with the New Hampshire Department of Labor Compensation Appeals Board.  Affidavit of Andrew Merrill, Exhibit B (attached to plaintiff's memo).  Since the Department of Labor's finding of lack of causation is the subject of a pending appeal, that finding is not final and has no preclusive effect on the plaintiff's claims pending before this court.

## Conclusion

Defendant's motion for summary judgment must be and herewith is denied.

**SO ORDERED.**

_____
Shane Devine, Senior Judge
United States District Court

August 4, 1997

cc:   W. Wright Danenbarger, Esq.
      Warren C. Nighswander, Esq.
      David A. Barry, Esq.
      Beth L. Kaufman, Esq.

4