Grafton
No. 96-451

### FARM FAMILY MUTUAL INSURANCE COMPANY

v.

### MARGARET ANN PECK

June 16, 1999

*Bouchard & Mallory, P.A.*, of Manchester (*Jeanine P. McConaghy* on the brief, and *Christine Friedman* orally), for the plaintiff.

*Dreher, Greenhalgh & Sturm, LLP*, of Amherst (*Gemma M. Dreher* on the brief and orally), for the defendant.

THAYER, J. The plaintiff, Farm Family Mutual Insurance Company (Farm Family), appeals the decision of the Superior Court (*Fauver*, J.) granting defendant Margaret Ann Peck's motion for summary judgment and denying Farm Family's motion for summary judgment. We reverse.

This case arises from a December 1988 automobile accident involving Peck, who was en route to a staff meeting held by her employer. Both parties agree that the accident occurred while Peck was working. Peck claimed that the accident caused a ruptured cervical disc and triggered the onset of a multiple personality disorder. She brought an action against the tortfeasor. While that case was pending, she received workers' compensation benefits. Her workers' compensation benefits terminated after she settled with the tortfeasor's insurance carrier.

Once Peck depleted the funds from her settlement, she requested reinstatement of her workers' compensation benefits. The workers' compensation carrier denied her claim. Consequently, the department of labor (DOL) held a hearing to decide issues relating to: (1) the liability of a third person, *see* RSA 281-A:13 (Supp. 1993); (2) reimbursement for Peck's medical, hospital, and remedial care, *see* RSA 281-A:23 (Supp. 1993) (amended 1994, 1995, 1996); and (3) Peck's eligibility for compensation, *see* RSA 281-A:48 (Supp. 1993) (amended 1993, 1998).

The DOL denied Peck's request for reinstatement of benefits and payment of medical and psychiatric bills. She appealed to the compensation appeals board (board). The board affirmed the DOL's decision. No appeal was taken to this court.

Peck also brought an underinsured motorist claim against her insurance carrier, Farm Family. She sought recovery before the American Arbitration Association (AAA) pursuant to the terms of the policy. Farm Family filed a bill in equity in superior court to enjoin Peck from arguing that her neck and psychiatric conditions were caused by the automobile accident. Specifically, Farm Family claimed that the doctrine of collateral estoppel precluded Peck from litigating causation issues regarding her cervical and psychiatric conditions because those issues had "previously been heard and rejected at the worker's [*sic*] compensation tribunal level."

Peck subsequently moved for summary judgment, requesting a ruling that she is not collaterally estopped from litigating causation under negligence law in her action against Farm Family. Farm Family filed a cross-motion for summary judgment. The court held that collateral estoppel was inapplicable because the issues determined by the workers' compensation tribunals and the issues to be decided by the AAA were not identical. Consequently, the court granted Peck's motion for summary judgment and denied Farm Family's cross-motion. This appeal followed.

██ Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Goss v. City of Manchester*, 140 N.H. 449, 450-51, 669 A.2d 785, 786 (1995). The parties dispute whether the issue of causation was litigated and decided by the board. In addition, the parties dispute whether, as a matter of law, collateral estoppel bars relitigation of the issue of causation in an action applying negligence law on the basis that causation was previously litigated under workers' compensation law. The applicability of collateral estoppel to a given set of facts is a question of law. *See Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 571 (1951); *Lorrain v. Lorrain Carpets*, 705 A.2d 536, 537 (Vt. 1997).

██ Under appropriate circumstances, collateral estoppel may preclude the relitigation of findings by an administrative board. *See Day v. N.H. Retirement System*, 138 N.H. 120, 122, 635 A.2d 493, 495 (1993); *see also Morin v. J.H. Valliere Co.*, 113 N.H. 431, 434, 309 A.2d 153, 155 (1973). In order for collateral estoppel to apply to Peck's claims against Farm Family, the following elements must be satisfied: (1) the issue subject to estoppel must be identical in each action; (2) the first action must have resolved the issue finally on the merits; (3) the party to be estopped must have appeared in the first action or have been in privity with someone who did; (4) the party to be estopped must have had a full and fair opportunity to litigate the issue; and (5) the finding must have been essential to the first judgment. *Appeal of Hooker*, 142 N.H. 40, 43-44, 694 A.2d 984, 986 (1997).

Peck argues that the first, fourth, and fifth prongs of the collateral estoppel test are not satisfied. Accordingly, we restrict our analysis thereto. *See Gephart v. Daigneault*, 137 N.H. 166, 172, 623 A.2d 1349, 1353 (1993). She asserts that collateral estoppel does not bar her from relitigating the issue of whether the automobile accident caused her cervical and psychiatric conditions because those issues were not before the DOL or board. Instead, she argues, the only issue before both workers' compensation tribunals was whether her

medical care was reasonable and medically necessary. The board's decision reveals otherwise.

In terms of her cervical injury, Peck sought, *inter alia,* disability compensation before the board. The board found that she underwent cervical surgery in 1991 to repair a herniated disc. In addition, the board found that, following the 1988 automobile accident, Peck's treating physicians agreed that cervical surgery was not required and made no mention of disc herniation. In determining that Peck did not meet her burden of proof, the board pointed to two traumas she sustained subsequent to the automobile accident for which she sought medical attention, including an incident "at her hair dresser and falling on a rug." Our review of the record before us leads us to conclude that the issue of causation between the automobile accident and her cervical injury was litigated and decided.

As for Peck's psychiatric condition, the board held that "the claimant has a mental condition, however, [we do] not find a causal relationship between the employment and her present condition." Thus, that issue was litigated and decided before the board.

Peck next argues that because fault is not at issue in a workers' compensation hearing, even if the board considered whether the automobile accident caused her injuries, it did not consider whether the underinsured tortfeasor proximately caused them. On that basis, Peck argues that collateral estoppel should not apply. This argument is irrelevant to the issue before us. We are not called upon to decide whether Peck is collaterally estopped from arguing who caused her injuries. Instead, we must decide whether she is collaterally estopped from arguing that the accident caused her injuries. We, therefore, "find this distinction is not meaningful or controlling." *Capobianchi v. Bic Corp.,* 666 A.2d 344, 348 (Pa. Super. Ct. 1995), *allocator denied,* 674 A.2d 1065 (Pa. 1996).

Alternatively, Peck argues that causation for the purposes of workers' compensation is not identical to causation for a common law action sounding in negligence. In granting Peck's motion for summary judgment, the trial court held:

> [C]ollateral estoppel is inapplicable because there is no identity of issues. The burden of proof in a workers' compensation claim requires that the injured worker must prove legal causation, that is, that his injury is work connected, and medical causation, that is, that his disability was actually caused by the work-related event. This is substantially different th[a]n the burden faced by the defendant [*sic*] in a common law negligence action, that is,

whether the tortfeasor breached a duty of care and whether the breach of this duty caused the injuries in question. Therefore, to the extent that the administrative orders address the issue of causation, it is a different legal standard . . . .

(Quotations and citations omitted.) We disagree with the trial court in its conclusion that the differing causation tests in negligence and workers' compensation law necessarily lead to the conclusion that collateral estoppel does not bar relitigation of causation in a subsequent negligence action. *See Grant v. GAF Corp.*, 608 A.2d 1047, 1058 (Pa. Super. Ct. 1992), *aff'd per curiam*, 639 A.2d 1170 (Pa. 1994) (finding issue of causation in workers' compensation case is identical to issue of causation in tort action).

Peck argued in the workers' compensation case that she suffered a work-related injury. Her sole basis for contending that her cervical and psychiatric conditions were caused by her work is that an automobile accident occurred while she was en route to a staff meeting. The board held that she failed to prove that her cervical and psychiatric conditions were caused by the automobile accident. This appeal concerns whether Peck can raise the issue of the causal relationship between her cervical and psychiatric conditions and the automobile accident before the AAA. Because this issue was previously decided against Peck at the workers' compensation tribunal, however, collateral estoppel bars her from relitigating it in a subsequent tort action. *See Capobianchi*, 666 A.2d at 349. This view has been adopted by a number of other jurisdictions. *See, e.g., Martin v. Ring*, 514 N.E.2d 663, 665 (Mass. 1987); *Brown v. Dow Chemical Co.*, 875 F.2d 197, 199 (8th Cir. 1989).

The policy behind collateral estoppel includes considerations of judicial economy and finality in our legal system to avoid repetitive litigation. *Scheele v. Village District*, 122 N.H. 1015, 1019, 453 A.2d 1281, 1284 (1982). "The decisions in this state, in the final analysis, have always turned on whether there had been a full and fair opportunity to the party estopped to litigate the issue barring him . . . ." *Id.* at 1019, 453 A.2d at 1284 (quotation omitted). Under the facts of this case, we conclude that Peck had a full and fair opportunity to present evidence regarding the causal connection between her accident and her cervical and psychiatric conditions, and that issue was essential to the findings of the board. *See Martin*, 514 N.E.2d at 665. She is, consequently, collaterally estopped from relitigating the issue of causation in her lawsuit against Farm

Family. Applying collateral estoppel to Peck's tort action in terms of the cause of her cervical and psychiatric conditions entitles Farm Family to judgment as a matter of law. *Cf. Grant*, 608 A.2d at 1058. Therefore, the trial court erred in denying Farm Family's motion for summary judgment.

We need not decide whether collateral estoppel would apply in cases in which the workers' compensation tribunal found causation. In such cases, it could be argued that collateral estoppel should not apply in a subsequent tort action on the issue of causation because, *inter alia*, defenses available in tort actions may not be available in workers' compensation cases, *see, e.g., Mulhall v. Company*, 80 N.H. 194, 199, 115 A. 449, 453 (1921). We express no opinion on this issue.

*Reversed.*

BROCK, C.J., dissented; the others concurred.