Rockingham
No. 98-153

EDWIN AND STEPHANIE SIMONSEN

v.

TOWN OF DERRY

November 15, 2000

*Donahue, Tucker & Ciandella*, of Exeter (*John J. Ratigan* on the brief and orally), for the plaintiffs.

*Boutin & Associates, P.L.L.C.*, of Londonderry (*Steven A. Clark* and *Edmund J. Boutin* on the brief, and *Mr. Boutin* orally), for the defendant.

*H. Bernard Waugh, Jr.*, of Concord, by brief, for New Hampshire Municipal Association, as *amicus curiae*.

NADEAU, J. The defendant, the Town of Derry (town), appeals orders of the Superior Court (*Gray*, J.) denying a motion to dismiss for lack of subject matter jurisdiction and granting summary judgment in favor of the plaintiffs, Edwin and Stephanie Simonsen. The plaintiffs cross-appeal the trial court's denial of their motion for attorney's fees. We affirm.

The parties do not dispute the following facts. The plaintiffs own and operate a camp in Derry containing a private nine-hole golf course. In 1997, they sought site plan approval to add an additional nine holes and to open the course to the public. The planning board approved the plan, contingent upon payment of $7,500 for off-site improvements necessitated by increased traffic.

The plaintiffs appealed to the superior court challenging the planning board's requirement that they pay for off-site improvements. The town moved to dismiss, arguing that the petition was not "duly verified," *see* RSA 677:15, I (1996), and thus the court lacked subject matter jurisdiction. The trial court denied the motion.

Thereafter, the plaintiffs moved for summary judgment, arguing that because the town had not enacted an impact fee ordinance, the town lacked authority to require payment for off-site improvements. *See* RSA 674:16, II, :21 (1996). The trial court granted the motion, finding "no facts in dispute which affect the fact that no impact fee ordinance has been adopted." The court denied the plaintiffs' subsequent motion for attorney's fees. This appeal and cross-appeal followed.

The town first argues that the trial court erred by not dismissing the appeal for lack of subject matter jurisdiction. RSA 677:15 provides in part:

> I. Any persons aggrieved by any decision of the planning board concerning a plat or subdivision may present to the superior court a petition, *duly verified*, setting forth that such decision is illegal or unreasonable in whole or in part and specifying the grounds upon which the same is claimed to be illegal or unreasonable. Such petition shall be pre-

sented to the court within 30 days after the decision of the planning board has been filed and first becomes available for public inspection in the office of the planning board or of its clerk or secretary.

(Emphasis added.) We have held that compliance with the thirty-day filing period is a jurisdictional prerequisite to an appeal under RSA 677:15. *See Dermody v. Town of Gilford*, 137 N.H. 294, 296, 627 A.2d 570, 571 (1993). Thus, the town argues that the plaintiffs' failure to file a petition that was "duly verified" within the thirty-day filing period "divested the Superior Court of jurisdiction to hear this matter."

■ In ascertaining legislative intent, we look first to the words of the statute, ascribing to them their plain meaning wherever possible. *See State v. Cobb*, 143 N.H. 638, 643-44, 732 A.2d 425, 431 (1999). The term "verify" is commonly understood to mean "[t]o confirm or substantiate by oath or affidavit." BLACK'S LAW DICTIONARY 1561 (6th ed. 1990). Within the context of pleading requirements, a statutorily required verification assures that allegations of a party are made in good faith. *See Federated Mortg. and Inv. Co. v. Jones*, 798 S.W.2d 719, 721 (Mo. 1990) (en banc).

Ordinarily, however, the verification does not "constitute a part of the pleading itself but, rather, goes to the form of the pleading." *Id.*; *see also In re Interest of L.D.*, 398 N.W.2d 91, 98 (Neb. 1986). *See generally* 61B AM. JUR. 2D *Pleading* § 888 (1999). Accordingly, other jurisdictions liberally permit an improperly verified pleading to be amended, even beyond the jurisdictional time frame within which to file the pleading. *See, e.g., Drury Displays v. Board of Adjustment*, 760 S.W.2d 112, 114 (Mo. 1988) (en banc); *In re Estate of Shaffer*, 454 P.2d 1, 4-6 (Kan. 1969); *People v. Miller*, 24 N.E.2d 722, 723-24 (N.Y. 1939).

■ Our legislature has likewise provided that trial courts may liberally allow parties to amend pleadings that contain technical defects. *See* RSA 514:8 (1997); *Nat'l Marine Underwriters v. McCormack*, 138 N.H. 6, 8, 634 A.2d 1008, 1010 (1993). We decline, therefore, to construe the verification requirement in RSA 677:15 as a jurisdictional prerequisite. "[S]ince the requirement of verification is a procedural formality designed as a deterrent to frivolous allegations, the failure to verify a petition does not divest the trial court of subject matter jurisdiction." *In re L.M.*, 563 N.E.2d 999, 1002 (Ill. App. Ct. 1990); *see also In re Interest of L.D.*, 398 N.W.2d at 98. Although proper verification is required by RSA 677:15, *cf.*

*Miller*, 24 N.E.2d at 723, the town argued only that the plaintiffs' failure to verify the petition divested the trial court of subject matter jurisdiction. Accordingly, we conclude that the court did not err in denying the motion to dismiss.

The town next challenges the grant of summary judgment based upon the town's failure to enact an "impact fee" ordinance pursuant to RSA 674:21. "Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Farm Family Mut. Ins. Co. v. Peck*, 143 N.H. 603, 605, 731 A.2d 996, 997 (1999); *see* RSA 491:8-a, III (1997).

RSA 674:21 provides in pertinent part:

> I. Innovative land use controls may include, but are not limited to:
>
> . . . .
>
> (m) Impact fees.
>
> . . . .
>
> V. As used in this section "impact fee" means a fee or assessment imposed upon development, including subdivision, building construction or other land use change, in order to help meet the needs occasioned by that development for the construction or improvement of capital facilities owned or operated by the municipality . . . .
>
> . . . .
>
> (i) Neither the adoption of an impact fee ordinance, *nor the failure to adopt such an ordinance, shall be deemed to affect existing authority of a planning board over subdivision or site plan review*, except to the extent expressly stated in such an ordinance.

(Emphasis added.)

The parties do not dispute that the town has not enacted an impact fee ordinance pursuant to RSA 674:21, or that the assessment of $7,500 for off-site improvements would meet the definition of "impact fee" under RSA 674:21, V. Rather, at issue is whether RSA 674:21 represents the *sole* authority for conditioning the approval of a site plan upon the applicant's payment of money for off-site improvements.

"Municipalities have only powers that are *expressly granted* to them by the legislature and such as are *necessarily* implied or

incidental thereto. In turn, a municipality may not delegate to a municipal board more power than the municipality has." *Board of Water Comm'rs, Laconia Water Works v. Mooney*, 139 N.H. 621, 625, 660 A.2d 1121, 1124 (1995) (quotation, brackets, and citations omitted). Prior to the 1991 enactment of RSA 674:21, V, we held that planning boards had the authority pursuant to RSA 674:43 and :44 (1996) to condition the approval of a site plan upon payment for off-site road improvements. *See N.E. Brickmaster v. Town of Salem*, 133 N.H. 655, 663-64, 582 A.2d 601, 606 (1990).

The town argues that the provision in RSA 674:21, V(i) that failure to adopt an impact fee ordinance does not affect "existing authority of a planning board over . . . site plan review," preserves its authority under *N.E. Brickmaster* to condition the approval of the plaintiffs' site plan upon the payment of a fee for off-site road improvements necessitated by the proposed development. The plaintiffs counter that RSA 674:21 replaced the framework established by *N.E. Brickmaster* for assessing a fee for off-site improvements. The language of RSA 674:21, V(i), according to the plaintiffs, preserves only the authority of planning boards to require "[n]on-impact fee off-site improvements."

"In matters of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *State v. Hatt*, 144 N.H. 246, 247, 740 A.2d 1037, 1038 (1999) (quotation omitted). While we first look to the plain meaning of words to interpret statutes, "it is one of the surest indexes of a mature and developed jurisprudence not to make a fortress out of the dictionary; but to remember that statutes always have some purpose or object to accomplish." *Appeal of Ashland Elec. Dept.*, 141 N.H. 336, 341, 682 A.2d 710, 713 (1996) (quotation omitted). Where more than one interpretation of statutory language is reasonable, we consider legislative history to assist in our analysis. *See Appeal of Routhier*, 143 N.H. 404, 406, 725 A.2d 665, 666 (1999).

Considering the words of the statute as a whole, we conclude that RSA 674:21, V(i) does not preserve the "existing authority" of a planning board under RSA 674:44 to condition the approval of a site plan upon the applicant's payment of money for off-site improvements. While the statute authorizes municipalities to impose impact fees, it comprehensively regulates the municipality's implementation of such fees. For example, the statute regulates the amount and uses of such fees, *see* RSA 674:21, V(a), specifies procedures for assessing and collecting such fees, *see* RSA 674:21, V(d), and provides for both an appeal process, *see* RSA 674:21, V(f), and a

waiver process, *see* RSA 674:21, V(g). The statute's scope suggests that the legislature intended to preempt the common law rule set out in *N.E. Brickmaster. See* 15A AM. JUR. 2D *Common Law* § 15 (2000).

The 1991 amendment's legislative history is consistent with our construction of RSA 674:21, V(i). During the debate in the senate, Senator Currier, on behalf of the executive departments committee, introduced the amendment by stating that it "is basically enabling legislation which would allow the towns, after the adoption of an ordinance, to impose impact fees." N.H.S. JOUR. 1494 (1991). He further noted that because some communities currently charge impact fees, the amendment is needed to create a "level playing field" for developers in the different communities. *Id.* He reiterated the importance of uniformity in response to a question challenging the necessity of the amendment, given that communities were already charging impact fees and the supreme court was affirming such fees. *Id.* at 1499.

█ In light of these comments, we conclude that a construction of the statute permitting municipalities to charge impact fees without adopting an impact fee ordinance, and thus perpetuating the lack of uniformity, would be illogical. *See Appeal of Dell*, 140 N.H. 484, 491, 668 A.2d 1024, 1031 (1995). Accordingly, we conclude that the trial court did not err by granting summary judgment on the basis that the town had not enacted an impact fee ordinance pursuant to RSA 674:16, II and :21.

We note, however, that RSA 674:21 does preserve a planning board's authority to impose conditions on site plan or subdivision approval that require expenditures to improve some aspect of the applicant's own property.

█ Finally, we reject the plaintiffs' cross-appeal of the trial court's denial of attorney's fees. In reviewing a trial court's denial of a request for attorney's fees, we give "tremendous deference to the court's decision," reversing only if the trial court's discretion was "exercised for reasons clearly untenable or to an extent clearly unreasonable to the prejudice of the objecting party." *Glick v. Naess*, 143 N.H. 172, 175, 722 A.2d 453, 455 (1998) (quotations and brackets omitted).

█ The plaintiffs argue that the trial court's failure to follow *Board of Water Comm'rs*, 139 N.H. at 629, 660 A.2d at 1126-27, in which we affirmed a trial court's decision to grant attorney's fees to a prevailing party on the basis that the party had "conferred a

substantial benefit on the citizens and taxpayers of Laconia by successfully defending this action," was clearly unreasonable. We disagree. While *Board of Water Comm'rs* affirmed the trial court's *discretion* to award attorney's fees in that particular circumstance, it did not *mandate* such an award. Furthermore, the trial court found the plaintiffs did not confer a substantial benefit on the citizens. Accordingly, we do not find that the trial court erred in denying the plaintiffs' motion for attorney's fees.

<em>Affirmed.</em>

BROCK, C.J., and HORTON, BRODERICK, and DALIANIS, JJ., concurred; NADEAU and DALIANIS, JJ., took part in the final vote by consent of the parties.